16-980-cv
*Revellino & Byczek, LLP v. Port Authority of New York & New Jersey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand seventeen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

REVELLINO & BYCZEK, LLP, ANTHONY MAHONEY,

> *Appellants*,

ERIC RAMIREZ,

> *Plaintiff*,

v.                                                        16-980

PORT AUTHORITY OF NEW YORK & NEW JERSEY (PANYNJ), Police Officer KEVIN SCHPAKOW, Police Officer THOMAS JARDINES, Police Officer ROBERT JOSEPH, Police Officer COLLIN JOURNEY, Police Officer ANDREW VANNATA, THE CITY OF NEW YORK, Police Commissioner WILLIAM BRATTON, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK COUNTY D.A. CYRUS VANCE, JR., Individually and as District Attorney of New York County, ASST. D.A. RACHEL EHRHARDT, Individually and as an Assistant District Attorney,

*Defendants-Appellees*,

PORT AUTHORITY POLICE DEPARTMENT OF NEW YORK & NEW JERSEY, Police Officer JOHN DOE 1-5, Assistant District Attorney JOHN DOE, Individually and as an Assistant District Attorney all being sued in their Official and Individual Capacities,

*Defendants*.

| | |
|---|---|
| For Appellants: | ANTHONY MAHONEY, Revellino & Byczek, LLP, Lake Success, NY |
| For Defendants-Appellees: | JUAN M. BARRAGAN, (Karla Denalli, on the brief), The Port Authority of New York and New Jersey, New York, NY |
| | ELIZABETH N. KRASNOW, (Patricia J. Bailey, on the brief), *for* Cyrus R. Vance, District Attorney of New York County, New York, NY |
| | MEGAN E.K. MONTCALM, (Deborah A. Brenner, on the brief), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellants Anthony Mahoney and the law firm with which he is associated, Revellino & Byczek, LLP, appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*) dated March 7, 2016, as amended by the district court's order of March 15, 2016, which imposed sanctions under Federal Rule of Civil Procedure 11(c)(3). We assume the parties' familiarity with the facts, procedural history of the case, and the issues on appeal.

Our standards for the imposition of sanctions under Rule 11(c), and for our review of such sanctions, are relatively well established.   In general, Rule 11(c) permits a district court to impose sanctions for violations of Rule 11(b).   That subsection of the rule, in turn, provides, *inter alia*, that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions [therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."   Fed. R. Civ. P. 11(b)(3).

Rule 11 sanctions may either be pursued by an opposing party or raised *sua sponte* by a district court.   Rule 11(c)(2) addresses the situation in which opposing counsel initiates sanctions proceedings.   In those situations, opposing counsel must serve a notice of the sanctions claim twenty-one days before moving for sanctions to give the other party an opportunity to correct the asserted improper filing.   Rule 11(c)(3), on the other hand, permits the district court to initiate sanctions proceedings *sua sponte.*   In Rule 11(c)(3) cases, however, "the [twenty-one day] safe harbor does not apply and the court may impose sanctions without providing opportunity to withdraw the misstatement."   *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (per curiam).

"For sanctions issued pursuant to a motion by opposing counsel, courts have long held that an attorney [may] be sanctioned for conduct that [is] objectively unreasonable."   *Id.* However, we have held that "the power of the court under Rule 11 to issue sanctions *sua sponte* without affording the offender the opportunity to withdraw the challenged document . . . is akin to the court's inherent power of contempt."   *Id.*   Thus, much like contempt orders, *sua sponte*

3

sanctions imposed without permitting the offender the opportunity to withdraw the problematic filing should issue only upon a finding of subjective bad faith. *Id.* (citing *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003)).

We review the district court's decision to impose sanctions for abuse of discretion, though we have explained that, since the "district court is accuser, fact finder and sentencing judge all in one," our review in Rule 11(c)(3) cases "is more exacting than under the ordinary abuse-of-discretion standard." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (internal quotation marks omitted). We review the factual findings supporting the district court's decision for clear error. *S. New Eng. Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 143 (2d Cir. 2010).

Applying this standard to the facts of this case, we hold that the district court did not abuse its discretion in finding that the evident elisions in Ramirez's complaint demonstrate that the filing was submitted in bad faith, and subjectively so. *See Sec. & Exch. Comm'n v. Smith*, 710 F.3d 87, 97-98 (2d Cir. 2013) (holding that omissions can support a finding of bad faith under Rule 11(c)(3)). The district court appropriately focused, first, on the fact that Mahoney represented Ramirez in both his criminal and federal civil rights cases and, second, on the ways in which the representations made in or directly implied by Ramirez's federal civil rights complaint, which was signed by Mahoney, run contrary to statements made by Ramirez in seeking the dismissal of the indictment against him in state court.

Because the complaint's key allegations turn on whether the defendant police officers had probable cause to arrest and to refer the case to the district attorney's office for prosecution, the circumstances surrounding his arrest were essential to the merits of Ramirez's civil case. *See Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) (holding that probable cause "requires an

4

officer to have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested" (internal quotation marks omitted)).   But, as the district court observed, the complaint makes "no reference at any point . . . to Mr. Ramirez, the plaintiff, having called the Port Authority officers, having reported in that phone call that there was a gun in the car, [and having] report[ed] where the car was located and who was in the car with the gun."   App'x 643. Further, "[n]ot only is the phone call not reported, there appears to be an accusation here that Mr. Ramirez has no idea why he was arrested at all other than potentially racial profiling.   This accusation of racial profiling . . . without a description of the phone call is entirely misleading and false."   *Id.*

Appellants make several arguments against the imposition of sanctions.   None of these arguments are availing.   Appellants first argue that the officers could not have had probable cause to arrest because Ramirez later asserted that his wife told him that the weapon was in the car only when they arrived in New York, and that he parked the car to call the police soon thereafter.   But this is both legally incorrect and unresponsive to the issue at hand.   Appellants' position is legally incorrect because once the police knew that Ramirez knew the gun was in the car, then the police, upon investigation, and after questioning Ramirez's wife, who accused Ramirez of planting the weapon, had probable cause to arrest both Ramirez *and* his wife.   It is also unresponsive to the issue because, by implying that the officers had *no* relevant information supporting probable cause, and specifically alleging that Ramirez had no "knowledge of [the weapon] being in the automobile while" travelling in the vehicle, the complaint presented the district court with a set of factual contentions for which appellants had no evidentiary support. *See* App'x 23; 136.

Appellants also focus us on the "safe harbor" requirement of Rule 11(c)(2), which affords a party charged with violating Federal Rule of Civil Procedure 11(b) by another party to the case twenty-one days to withdraw or correct the challenged submission.   But, as noted above, this provision is inapplicable to cases like this one in which the district court issues a *sua sponte* order to show cause on sanctions.   *See* Fed. R. Civ. P. 11(c)(3); *Muhammad*, 732 F.3d at 108.

We therefore conclude that the district court did not err in finding that essential components of the factual allegations in Ramirez's complaint were unsupportable at the time they were made and that Mahoney's familiarity with Ramirez's case demonstrated his subjective bad faith.   Hence we find no abuse of discretion in the district court's decision to impose sanctions.

*         *         *

We have considered appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6